IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AUDREY DICKSON-WALKER, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:24-cv-322 |
| STONEY CLEMENT, and | § | |
| RAY NOLAN | § | |
| *Defendants.* | § | |

DEFENDANT STONEY CLEMENT'S DEFENSES, ANSWER AND JURY DEMAND

Defendant Stoney Clement files his defenses, answer, and request for jury trial in response to the allegations and claims in Plaintiff's Complaint [Doc. 1].

**FIRST DEFENSE**

1. Officer Clement is protected by qualified immunity from liability and unnecessary burdens of suit. Officer Clement performed his duty under color of law in objective good faith, within the scope of discretionary law enforcement authority, and within the general scope of his employment by the City of Galveston, Texas.

**SECOND DEFENSE**

2. Plaintiff failed to use reasonable diligence to mitigate damages Plaintiff claims.

**THIRD DEFENSE**

3. Officer Clement asserts rights under the Fourteenth Amendment and maintains that punitive damages are unconstitutional in this case to the extent they are assessed:

a. In an amount left to the discretion of the judge and/or jury;

b. In any decision representing less that a unanimous verdict;

c. Where underlying culpability is not assessed upon a finding of guilt beyond a reasonable doubt;

d. Where the standard of guilt is not clearly defined; and/or

e. Where the assessment of punitive or exemplary damages differs from defendant to defendant and treats similarly situated defendants materially differently.

**ANSWER**

4. Subject to the foregoing defenses, Officer Clement answers Plaintiff's claims and allegations consistent with Rule 8(b) of the Federal Rules of Civil Procedure, under which Officer Clement denies every claim, and Officer Clement denies each factual allegations in Plaintiff's complaint except those Officer Clement expressly admits herein.

5. Officer Clement denies the allegations in first page of the complaint, the summary on the second page of the complaint, and in ¶¶ 3, ¶¶ 9-20, ¶¶ 25-27, 29-30, 32-34, 36, 38-87. and prayer of the complaint

6. Audrey Dickson-Walker is the Plaintiff in this lawsuit. Officer Clement lacks sufficient knowledge and information to know Plaintiff's residence. Therefore, Officer Clement denies the allegations in ¶ 1 of the complaint.

7. Officer Clement is an individual who has herein appeared in the litigation. Officer Clement is sued based upon the reasonable performance of his police duty in objective good faith under color of law, within the scope of discretionary law enforcement authority, and within the general scope of his employment by the City of Galveston. Officer Clement denies the other allegations in ¶ 2 of the complaint.

8. The Court has jurisdiction over Plaintiff's claims and venue is proper in this Court. Officer Clement denies the remainder of the allegations in ¶¶ 4-5 of the complaint

9. Officer Clement lacks sufficient knowledge and information to know Plaintiff's age and medical history. Therefore, Officer Clement denies the allegations in ¶¶ 6-8 and ¶¶ 21-24 of the complaint.

10. Plaintiff was inside apartment number 315 when officers served a warrant directing officers to search apartment 315. Officer Clement denies the other allegations in ¶ 28 of the complaint.

11. A judge issued a second search for apartment number 316 where Emanuel Jordan was found and arrested. Officer Clement denies the other allegations in ¶ 31 of the complaint.

12. Officer Clement was the affiant of the Affidavit for Seach Warrant for the apartment located at 7302 Heards Lane, apartment number 315, and Officer Clement presented the affidavit to a Galveston County judge. Officer Clement denies the other allegations in ¶¶ 35, 37 of the complaint.

## REQUEST FOR JURY TRIAL

13. Officer Clement asserts the right to a trial by jury on all issues in accordance with Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

14. Officer Clement prays that before or after a jury trial, he is released, discharged, and acquitted of all charges, allegations, and claims filed against him, that judgment be rendered in his favor, that Plaintiff take nothing by reason of this suit, and that Officer Clement recovers all costs of court and fees, including attorney's fees, incurred in defending against Plaintiff's claims, as well as other relief to which Officer Clement is justly entitled to in law and equity.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: *Norman Ray Giles*
William S. Helfand
Attorney-in-charge
State Bar of Texas No. 09388250
Norman Ray Giles
State Bar of Texas No. 24014084
Jatoriyae Dupree-Jones
State Bar of Texas No. 24126078
24 Greenway Plaza, Suite 1400
Houston, Texas 77046

Telephone: (713) 659-6767
Facsimile: (713) 759-6830
Attorneys for Defendant
Officer Stoney Clement

CERTIFICATE OF SERVICE

On February 5, 2025, a true and correct copy of this document was filed electronically. Notice of the filing was served on counsel of record by operation of the Court's electronic filing system.

James P. Roberts
Breanta Ross
Scott H. Palmer
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Through the ECF system

*/s/ Norman Ray Giles*
Norman Ray Giles